UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BARBARA J. FRAZIER,                  )
                                     )   No. CV-09-3063-CI
          Plaintiff,                 )
                                     )   ORDER GRANTING PLAINTIFF'S
v.                                   )   MOTION FOR SUMMARY JUDGMENT
                                     )   AND DENYING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner      )   MOTION FOR REMAND FOR
of Social Security,                  )   ADDITIONAL PROCEEDINGS
                                     )
          Defendant.                 )
                                     )

     BEFORE THE COURT are Plaintiff's Motion for Summary Judgment
and Defendant's Motion for Remand. (Ct. Rec. 13, 15.)   Attorney
Thomas Bothwell represents Barbara J. Frazier (Plaintiff); Special
Assistant United States Attorney Michael Howard represents the
Commissioner of Social Security (Defendant).   The parties have
consented to proceed before a magistrate judge.   (Ct. Rec. 6.)
After reviewing the administrative record and briefs filed by the
parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment,
**DENIES** Defendant's Motion for Remand for additional proceedings and
remands the matter to the Commissioner for an immediate award of
benefits.

### JURISDICTION

     Plaintiff applied for Supplemental Security Income (SSI) on May
30, 2006. (Tr. 113.)   She alleged disability due to a learning
disability with an onset date of June 1, 1996. *Id*.   After benefits
were denied initially and on reconsideration, Plaintiff requested
a hearing before an administrative law judge (ALJ).   A hearing

1  before ALJ R.S. Chester was held on October 28, 2008.  (Tr. 22-51.)

2  Plaintiff, who was represented by counsel, and vocational expert

3  Fred Cutler (VE) testified.  The ALJ denied benefits on September 4,

4  2008, and the Appeals Council denied review. (Tr. 1-5, 11-21.)  The

5  instant matter is before this court pursuant to 42 U.S.C. § 405(g).

6                       **STANDARD OF REVIEW**

7     In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

8  court set out the standard of review:

9          A district court's order upholding the Commissioner's
           denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
10         211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
           Commissioner may be reversed only if it is not supported
11         by substantial evidence or if it is based on legal error.
           *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
12         Substantial evidence is defined as being more than a mere
           scintilla, but less than a preponderance.  *Id.* at 1098.
13         Put another way, substantial evidence is such relevant
           evidence as a reasonable mind might accept as adequate to
14         support a conclusion.  *Richardson v. Perales*, 402 U.S.
           389, 401 (1971).  If the evidence is susceptible to more
15         than one rational interpretation, the court may not
           substitute its judgment for that of the Commissioner.
16         *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
           Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

17

18         The ALJ is responsible for determining credibility,
           resolving conflicts in medical testimony, and resolving
19         ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
           Cir. 1995).  The ALJ's determinations of law are reviewed
20         *de novo*, although deference is owed to a reasonable
           construction of the applicable statutes.  *McNatt v. Apfel*,
21         201 F.3d 1084, 1087 (9th Cir. 2000).

22     It is the role of the trier of fact, not this court, to resolve

23  conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence

24  supports more than one rational interpretation, the court may not

25  substitute its judgment for that of the Commissioner.  *Tackett*, 180

26  F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

27  Nevertheless, a decision supported by substantial evidence will

28
   ORDER GRANTING PLAINTIFF'S MOTION FOR
   SUMMARY JUDGMENT AND DENYING DEFENDANT'S
   MOTION FOR REMAND FOR ADDITIONAL PROCEEDINGS - 2

still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR REMAND FOR ADDITIONAL PROCEEDINGS - 3

licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 31 years old at the time of the hearing and had a fifth grade education which consisted of special education classes. (Tr. 40.) She testified she quit school when she became pregnant; she stated she was currently married but separated from her husband. (Tr. 33-34.) She testified she lived with her mother and had five children under the age of 18, for whom she was the primary caretaker. (*Id.*) Plaintiff reported she could not read or write but could do a little

math. (Tr. 35.)  She had past work experience as a grocery bagger and an agricultural produce worker. (Tr. 35, 105.)  She stated she could not work because of mental impairments. (Tr. 41.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Chester found Plaintiff had not engaged in substantial gainful activity since June 2, 2006, the alleged onset date.  At step two, he found Plaintiff had severe impairments: "situational depression with anxiety; learning disorders, not otherwise specified; depressive disorder, complicated; cognitive disorder, not otherwise specified; and borderline intellectual functioning." (Tr. 13.)  At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 14.) At step four, he determined she was capable of light work with several non-exertional, mental limitations.  In his discussion of the evidence, the ALJ found Plaintiff's subjective symptom testimony was not credible to the extent her alleged limitations were inconsistent with the RFC findings. (Tr. 16-19.) Based on the RFC and VE testimony, the ALJ concluded Plaintiff could still perform her past work as a grocery bagger and found she had not been under a disability since the date her application for SSI was filed.  (Tr. 21.)

**ISSUES**

The primary issue is whether the matter should be remanded for additional proceedings or for an immediate award of benefits. Defendant concedes the ALJ erred at step three in finding Plaintiff

did not meet Listing 12.05 because he failed to consider medical equivalence in light of Plaintiff's low IQ score (below 70) and additional severe impairments.  He argues remand to the Commissioner for additional proceedings is required to resolve the issue of equivalence and continue the sequential evaluation if medical equivalence is not found. (Ct. Rec. 16.)  Plaintiff argues she meets Listing 12.05C, based her low IQ and the ALJ's step two finding of severe depressive disorder.  In the alternative, she argues the ALJ did not give legally sufficient reasons for rejecting her testimony and opinions of treating and examining mental health provides.  She contends if properly credited, these opinions and her testimony clearly establish her impairments in combination equal Listing 12.05C, and an immediate award of benefits is warranted.  (Ct. Rec. 14 at 12-20; Ct. Rec. 17 at 6-7.)

## DISCUSSION

The Commissioner has promulgated a "Listing of Impairments" that are "so severe that they are irrebuttably presumed disabling, without any specific finding as to the claimant's ability to perform his past relevant work or any other jobs." *Lester v. Chater,* 81 F.3d 821, 828 (9th Cir. 1995).  If a claimant's impairment does not meet the criteria specified in the Listings, he or she is still disabled if the impairment equals a listed impairment.  20 C.F.R. § 416.920(d).  If a claimant has more than one impairment, the Commissioner must determine whether the combination of impairments is medically equal to any listed impairment.  20 C.F.R. § 416.926(a).  A claimant's symptoms "must be considered in combination and must not be fragmentized in evaluating their

effects." *Lester,* 81 F.3d 821 at 829.  A finding of medical equivalence must be based on medical evidence from acceptable medical sources only, *i.e.* licensed psychologists or physicians designated by the Commissioner.  20 C.F.R. §§ 416.929(d)(3), .926 (c),(d)

"Longstanding policy requires that the judgment of a physician or psychologist designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge . . . must be received into the record as expert opinion evidence and given appropriate weight." *Social Security Ruling (SSR)* 96-6p.)[1] The Commissioner advises when the evidence suggests a judgment of equivalence may be reasonable and a medical judgment as to medical equivalence must be made by the ALJ, a medical expert must be called.  *Id*.  Remand for medical expert testimony and additional proceedings is warranted unless it is clear from the record that Plaintiff is disabled and no other issues are outstanding.  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Lester,* 81 at 830, 834; *Smolen v. Chater,* 80 F.3d 1273, 1291-92 (9th Cir. 1996); *Pitzer*, 908 F.2d at 506; *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989).

---

[1]  Social Security Rulings are issued to clarify the Commissioner's regulations and policy.  They are not published in the federal register and do not have the force of law.  However, under the case law, deference is to be given to the Commissioner's interpretation of the Regulations.  *Ukolov v. Barnhart*, 420 F.3d 1002 n.2 (9th Cir. 2005); *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3. (9th Cir. 1991).

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR REMAND FOR ADDITIONAL PROCEEDINGS - 7

Here, the Commissioner argues Plaintiff does not meet the Listing because she was not diagnosed with mental retardation. However, he concedes the case record suggests a judgment of equivalence may be reasonable and remand is necessary because the ALJ failed to consider Plaintiff's severe impairments in combination.

The requirements of Listing 12.05C (*Mental retardation*) are as follows:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before the age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance or full scale IQ of 60 through 70, and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App.1, Section 12.05C.

Defendant cites no legal authority for his argument that, to meet Listing 12.05C, Plaintiff must be diagnosed with "mental retardation." (Ct. Rec. 16 at 4.) As explained in Listing 12.00, the structure of Listing 12.05 is "different from the other mental disorder listings." 20 C.F.R. Pt. 404 Subpt. P, App. 1, § 12.00A. There are four sets of criteria within the Listing (paragraphs A through D). Section 12.00A states clearly that if a claimant's impairment "satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria," the impairments meet the Listing. There is no requirement for a formal diagnosis of

"mental retardation."  As discussed below, Plaintiff meets criteria
of 12.05C.

The record shows Plaintiff's estimated full scale IQ is 72,
verbal IQ is 66 and Performance IQ is 83; she attended school
through fifth grade, was pregnant at age 14, and is functionally
illiterate.  (Tr. 111, 164-65.)  This is substantial evidence of
significant subaverage general intellectual functioning with
deficits in adaptive functioning before the age of 22.  As found by
the ALJ, Plaintiff suffers other mental impairments that are severe
"as that term is defined and utilized under the Social Security Act
and Regulations."  (Tr. 13.)  *See* C.F.R. § 416.920(d).

Plaintiff argues the medical equivalence issue is moot because
she meets the second prong of Listing 12.05(C).  (Ct. Rec. 17 at 6.)
Citing *Fanning v. Bowen*, 827 F.2d 631 (9th Cir. 1987), Plaintiff
asserts the ALJ's step two finding that her severe depressive
disorder more than minimally limits her ability to work establishes
the second prong of the Listing.  (Tr. 13.)  In *Fanning*, the Ninth
Circuit held "an impairment imposes a significant work-related
limitation of function when its effect on a claimant's ability to
perform basic work activities is more than slight or minimal."
*Fanning, supra* at 633.

After *Fanning*, the Regulations were revised to clarify the
application of Listing 12.05C:

> [W]e will assess the degree of functional limitation the
> additional impairment(s) imposes to determine if it
> significantly limits your physical or mental ability to do
> basic work activities, *i.e.* is a "severe" impairment(s)_
> as defined in §§ 404.1520(c) and 416.920(c).  If the
> additional impairment(s) does not cause limitations that
> are "severe" as defined in §§ 404.1520(c) and 416.920(c)we

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR REMAND FOR ADDITIONAL PROCEEDINGS - 9

will not find that the additional impairment imposes "an additional and significant work-related limitation of function" . . . .

20 C.F.R. Pt 404, Subpt P, App. 1 § 12.00A.  Thus, under *Fanning* and the Regulations, the ALJ's step two finding that Plaintiff's depressive disorder is severe, satisfies the second prong of Listing 12.05C is met.

The decision to remand for further administrative proceedings or to reverse and award benefits is within the discretion of the court.  *Benecke*, 379 F.3d at 593.  As discussed above, the Commissioner concedes error at step three.  Applying the Regulations to the fully developed record and the ALJ's findings, it is clear Plaintiff meets Listing 12.05C; further administrative proceedings would serve no useful purpose and remand for an award of benefits is appropriate.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED** and the matter is remanded to the Commissioner for an immediate award of benefits.

2.  Defendant's Motion for Remand **(Ct. Rec. 15 )** is **DENIED;**

3.  Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff, and the file shall be **CLOSED**.

DATED October 4, 2010.

_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND DENYING DEFENDANT'S
MOTION FOR REMAND FOR ADDITIONAL PROCEEDINGS - 10